C.J. Veverka (UT Bar No. 7110)
  *cveverka@mabr.com*
MASCHOFF BRENNAN GILMORE & ISRAELSEN, PLLC
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1850
Facsimile: (435) 252-1361

Attorneys for Plaintiff OVERSTOCK.COM, INC.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OVERSTOCK.COM, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>OVERSTOCK.COM, INC., a Kentucky Corporation,<br><br>Defendant. | Case No.: 2:23-cv-00259-JCB<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>JURY TRIAL DEMANDED<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Overstock.com, Inc., a Utah corporation ("Plaintiff" or "Overstock") alleges against Defendant Overstock.com, Inc., a Kentucky corporation ("Defendant" or "KY Overstock.com") the following:

### THE PARTIES

1. Overstock is a corporation duly organized and existing under the laws of the state of Utah, with its principal place of business at 799 Coliseum Way Midvale, Utah 84047.

2. Overstock.com KY is a Kentucky corporation with its principal place of business at 2530 Dixie Highway, Louisville, Kentucky 40216.

## JURISDICTION AND VENUE

3. This is a civil action for trademark infringement under Sections 32 and 43 of the Lanham Act, Title 15 U.S.C. §§ 1114(1) and 1125.

4. This is also a civil action for unfair competition arising under Utah Code Ann. § 13-5a-101, et seq.

5. This is also a civil action for deceptive trade practices arising under Utah Code Ann. § 13-11a-1, et seq.

6. This is an action for declaratory judgment arising under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. § 1051 et seq., related to trademark infringement, unfair competition, and/or deceptive trade practices.

7. This court has original jurisdiction over the subject matter of this action as it arises under the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1051, et seq. This Court has related claim jurisdiction over state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

8. Upon information and belief, Defendants, as a result of their actions directed towards this State, are subject to the jurisdiction of this Court pursuant to Utah Code Ann. § 78B-3-205.

9. Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§ 1391(b)(2), 1391(b)(3), and 1391(d).

## FACTUAL BACKGROUND

**Overstock—background, products and services, and registered marks**

10. Overstock is an online retailer that has been in operation since 1999. The trademarks at issue in this litigation have been in use since 1999 and were filed for national trademark protection in 1999 and 2003.

11. Since 1999, Overstock has operated a nationally recognized website in "Overstock.com." From its inception to the present time, Overstock has developed nationwide recognition, customer good will, and common law rights under the name Overstock™ and Overstock.com. Thus, Overstock has become a nationally recognized brand online for "Overstock.com," having built customer goodwill for over 23 years.

12. Overstock sells numerous consumer goods online, including but not limited to indoor and outdoor furniture including mattresses and rugs, home décor, lighting, home improvement products, and kids and baby products. Overstock.com the website, owned and operated by Overstock, indicates that it sells mattresses and home décor on its landing page. (See **Exhibit A**).

13. Since inception, Overstock desired to protect its brand and develop recognition and goodwill with customers. Thus, Overstock has sought and/or obtained federal registration of numerous trademarks, including:

> OVERSTOCK.COM®
> Registration No. 2,939,764
>
> OVERSTOCK.COM®
> Registration No. 2,503,246
> (collectively with Registration No. 2,939,764
> "OVERSTOCK.COM trademarks")

      OVERSTOCK.COM Your Online Outlet
      Registration No. 3,069,011

      OVERSTOCK.COM PRICE®
      Registration No. 3,693,465

      OVERSTOCK.COM PRICES®
      Registration No. 3,693,464

      OVERSTOCK.COM IT'S ALL ABOUT THE PRICE®
      Registration No. 3,693,463

      OVERSTOCK.COM IT'S ALL ABOUT THE PRICES®
      Registration No. 3,693,462

      LIVE BETTER WITH OVERSTOCK.COM®
      Registration No. 3,728,852

      O®
      Registration No. 4,033,193

14. Overstock's OVERSTOCK.COM trademarks were nationally registered in 1999 and 2003 respectively.

15. KY Overstock.com has been on notice of Overstock's trademark rights for twenty years or, at least, a date prior to its inception and use of Overstock's OVERSTOCK.COM trademarks.

**KY Overstock.com's infringement**

16. KY Overstock.com is registered as "Overstock.com Inc.," a for-profit corporation, in the state of Kentucky, with a filing and organization date of January 6, 2022. (See **Exhibit B**).

17. KY Overstock.com's corporate registration information indicates that Odai Alaraj, an individual, is the president, director, incorporator, and registered agent of KY Overstock.com.

4

18. KY Overstock.com operates a physical storefront in Louisville, Kentucky, named "OVERSTOCK.COM" and KY Overstock.com has appended the sign "OVERSTOCK.COM" to its storefront.

19. Like Overstock, KY Overstock.com is a commercial merchant selling mattresses and rugs.

20. KY Overstock.com has already begun to develop an online presence, with listings appearing on Google, customer reviews, and photographs. (See **Exhibit C**).

21. KY Overstock.com's physical storefront and online presence identically use Overstock's OVERSTOCK.COM trademarks.

22. KY Overstock.com's use of, at least, Overstock's OVERSTOCK.COM trademarks do and are likely to confuse consumers that KY Overstock.com is affiliated with or owned and operated by Overstock.

23. KY Overstock.com's use of, at least, Overstock's OVERSTOCK.COM trademarks is intended to trade off of Overstock's brand and consumer goodwill.

24. On or about March 21, 2023, an Overstock in-house attorney sent a letter to Odai Alaraj of KY Overstock.com, stating that KY Overstock.com's use of "OVERSTOCK.COM" infringes Overstock's trademarks, including Overstock's OVERSTOCK.COM trademarks.

25. To date, KY Overstock.com continues to use OVERSTOCK.COM.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement - 15 U.S.C. § 1114)

26. By this reference Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

27. KY Overstock.com's use of, at least, of Overstock's OVERSTOCK.COM trademarks is without Overstock's approval, infringes, at least, Overstock's OVERSTOCK.COM's trademarks, and is likely to cause and has caused, confusion, mistake, and deception among relevant consumers.

28. KY Overstock.com's infringing conduct has been undertaken with prior and continuing knowledge of Overstock's rights in, at least, Overstock's OVERSTOCK.COM trademarks.

29. KY Overstock.com's conduct, as described above, constitutes willful and intentional infringement of Overstock's OVERSTOCK.COM trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125)**

30. By this reference Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

31. As the owner of the OVERSTOCK.COM trademarks, Overstock has the right to monitor and police the use of the OVERSTOCK.COM trademarks to preserve its brand image and equity and the OVERSTOCK.COM trademarks association with premium, high quality products, including furniture and home goods.

32. KY Overstock.com's use of Overstock's.com OVERSTOCK.COM trademarks is not unauthorized by Overstock.

33. KY Overstock.com's use of Overstock's OVERSTOCK.COM trademarks is confusing to customers and undercuts the brand value of Overstock's OVERSTOCK.COM trademarks as associated only with premium products meeting quality standards of Overstock.

34. By engaging in infringing use of the Overstock's OVERSTOCK.COM trademarks, KY Overstock.com has deliberately and willfully traded on the goodwill associated with Overstock's OVERSTOCK.COM trademarks and brand recognition.

35. KY Overstock.com's infringing conduct deprives and will continue to deprive Overstock of the ability to control consumer perception of the products and services offered under the OVERSTOCK.COM trademarks, usurping the valuable reputation and goodwill Overstock as developed through continuous use of the OVERSTOCK.COM trademarks.

36. KY Overstock.com's conduct is unauthorized by Overstock and likely to cause confusion, mistake or deception as to the affiliation, connection or association of KY Overstock.com's products with those of Overstock as well as to the origin, sponsorship or approval of KY Overstock.com by Overstock and its products in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

37. KY Overstock.com's activities as described above constitute the use of false designations of origin in commerce and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. With full knowledge and notice of Overstock's prior use of and rights in its OVERSTOCK.COM marks, KY Overstock.com has direct the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117.

39. As a result of KY Overstock.com's conduct as described above, Overstock has suffered commercial damages as well as continuing loss of goodwill and reputation established by Overstock in its name, trademarks, and products. This continuing loss of goodwill and reputation cannot be fully remedied by monetary damages and thus constitutes irreparable harm and an injury for which Overstock has no adequate remedy at law.

40. Overstock will continue to suffer irreparable harm unless this Court enjoins KY Overstock.com's infringing conduct.

## THIRD CLAIM FOR RELIEF
## (State Law Trademark Infringement)

41. By this reference Plaintiff realleges and incorporates the forgoing paragraphs as though fully set forth herein.

42. KY Overstock.com, through its actions as described above, has engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent, including the infringement of Overstock's OVERSTOCK.COM trademarks, have caused material diminution in the value of trademarks, trade names, and other intellectual property held by Overstock, in violation of Utah Code Ann. § 13-5a-101 et seq.

43. Through the actions of KY Overstock.com as described above, Overstock has suffered damages and irreparable harm and is entitled to actual and punitive damages from KY Overstock.com, along with its attorneys' fees and costs pursuant to Utah Code Ann. § 13-5a-103(1)(b) as more fully set forth below.

## FOURTH CLAIM FOR RELIEF

### (Deceptive Trade Practices – Utah Code §§ 13-11a-1, et seq.)

44. By this reference Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

45. KY Overstock.com, through its actions described above, has engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent, including infringement of Overstock's OVERSTOCK.COM trademarks, and has caused material diminution in the value of trademarks, trade names, and other intellectual property held by Overstock, in violation of Utah Code Ann. § 13-5a-101 et seq.

46. KY Overstock.com's willful acts of infringement of Overstock's OVERSTOCK.COM trademarks constitute deceptive trade practices under Utah Code § 13-11a-3.

47. KY Overstock.com has unlawfully sold products using Overstock's OVERSTOCK.COM trademarks without Overstock's authorization or approval.

48. KY Overstock.com's acts have caused and are likely to continue to cause confusion or deception.

49. Pursuant to Utah Code § 13-11a-4, Overstock is entitled to injunctive relief, monetary damages, and an award of costs and attorneys' fees.

50. By reason of the foregoing, Overstock is entitled to actual and punitive damages from KY Overstock.com, along with its attorneys' fees and costs pursuant to at least Utah Code Ann. § 13-5a-103(1)(b).

## FIFTH CLAIM FOR RELIEF

## (Unfair Competition – Utah Code §§ 13-5a-101, et seq.)

51. By this reference Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

52. KY Overstock.com's acts constitute unlawful infringement of Overstock's OVERSTOCK.COM trademarks. KY Overstock.com's acts have caused and are likely to continue to cause material diminution in the value of Overstock's brand and OVERSTOCK.COM trademarks.

53. KY Overstock.com has engaged and continues to engage in these activities intentionally.

54. By its acts and omissions as set forth above, KY Overstock.com violates Utah Code §§ 13-5a-101-103.

55. KY Overstock.com's acts of trademark infringement and false designation of origin, unless enjoined by this Court, are causing Overstock to sustain, and unless KY Overstock.com is enjoined, will continue to cause Overstock to sustain irreparable injury for which Overstock has no adequate remedy at law.

56. KY Overstock.com has made and will continue to make substantial profits to which it is not, in law or equity, entitled.

57. No legitimate hardship to KY Overstock.com will occur by enjoining KY Overstock.com to cease its infringing conduct. Public policy favors the relief Overstock seeks. KY Overstock.com is a new company, registered for approximately one year, as compared to Overstock's over twenty years of business under the Overstock.com name and trademarks.

58. Pursuant to Utah Code § 13-5a-103, Overstock is entitled to monetary damages, an award of costs and, because the circumstances warrant, punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That the Court render final judgment in favor of Plaintiff and against Defendant on all claims for relief alleged in this complaint;

2. That the Court issue preliminary and permanent injunctive relief against Defendant and that Defendant, its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant, be enjoined and ordered to:

(a) Immediately stop all direct or indirect use in commerce, promotion, advertisement, reproduction or display of the OVERSTOCK.COM trademarks, or any name or mark confusingly similar to Plaintiff's OVERSTOCK.COM trademarks in all mediums including but not limited to physical storefront signage, exterior and interior signage, any and all signs, promotional material, print media, social media, and online use;

(b) Deliver up and destroy all labels, signs, prints, packages, wrappers, receptacles, internet posts, advertisements, apparel, products, and other material in the possession of Defendant bearing the OVERSTOCK.com word formative, Overstock's OVERSTOCK.COM trademarks, or any term confusingly similar to Overstock.com;

(c) Take all steps necessary to cancel or otherwise withdraw any and all federal, state, or local registrations and applications, including registrations and applications relating to trademarks, service marks, trade names, corporate names, assumed names, internet domain names, related to use in commerce of the "Overstock.com" word formative, Overstock's OVERSTOCK.COM trademarks, or any name or trademark confusingly similar to Overstock.com;

3. That the Court enter an order instructing Defendant to promulgate advertising to correct and/or prevent any member, potential member, supplier, vendor, agency or other confusion or false association it has created or made in the marketplace related to its use of Overstock.com;

4. That the Court enter an order instructing Defendant to file with the Court and serve on Plaintiff within thirty days after the service of any injunction order, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with all elements of the injunction and order;

5. That the Court enter an order requiring an accounting of all revenue received, directly or indirectly, from or through Defendant's acts of infringement, unfair competition and other violations set forth above, and that such profits be trebled or otherwise enhanced, including interest pursuant to applicable federal and state law, including, without limitation, as noted above;

6. That the Court enter an Order instructing Defendant to pay Plaintiff's general, special, and actual damages, including treble damages pursuant to the Lanham Act, and exemplary and punitive damages;

7. That the Court order Defendant to pay Plaintiff both the costs of this action and attorneys' fees incurred in prosecuting this action pursuant to at least 15 U.S.C. § 1117(a);

8. That the Court order Defendant to pay Plaintiff pre-judgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of this complaint through the date of judgment, and such additional pre-judgment interest and post-judgment interest as otherwise permitted by law; and

9. That the Court grant Plaintiff such additional and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Overstock hereby requests a trial by jury of all issues properly triable by jury.

Dated: April 26, 2023

Respectfully submitted,

*/s/ C.J. Veverka*
C.J. Veverka
MASCHOFF BRENNAN GILMORE & ISRAELSEN, PLLC

Attorneys for Plaintiff OVERSTOCK.COM, INC.